IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DALE HARPER,                           )
                                       )
        Plaintiff,                )
                                       )
v.                                     )     Case No. CIV-14-563-HE
                                       )
ODOC DIRECTOR, ROBERT                  )
PATTON; ODOC DIRECTOR                  )
DESIGNEE, MARK KNUTSON;                )
LCF WARDEN; LCF WARDEN                 )
DESIGNEE; LCF SGT.                     )
BEARDEN; CCF C/O                       )
SPEARMAN; CCF WARDEN,                  )
CHAD MILLER; CCF WARDEN                )
DESIGNEE, ALLISON KUSCH;               )
CCF UNIT MANAGER                       )
CHOATE; CCF UNIT                       )
MANAGER MUNDAY; CCF                    )
SGT. AMON; CCF CHIEF OF                )
SECURITY, DON STEER;                   )
DCF CHIEF OF SECURITY;                 )
ODOC SOUTHWEST DISTRICT                )
SUPERVISOR; LCF LT.                    )
DEBORAH JOHNS; JHCC                    )
HEALTH SERV. ADMINS.,                  )
BUDDY HORNMAKER;                       )
CCF UNKNOWN NURSE;                     )
CCF HEALTH SERV.                       )
PROVIDER, DR. PAYNE; CCF               )
HEALTH SERV. ADMINS.,                  )
TERESA SELLERS; ODOC                   )
HEALTH SERV. ADMINS.,                  )
GENESE McCOY; CCF NURSE                )
COFFMAN; CCF CAPTAIN                   )
NELSON; ODOC POPULATION                )
CONTROL OFFICER, LISA                  )
MISER; CCF MAILROOM                    )
SUPERVISOR, L. JESTER;                 )

| | |
|---|---|
| CCF RECORDS KEEPER, | ) |
| KARI SELCER; and OSP | ) |
| RECORDS KEEPER, JODI | ) |
| CARDENAS, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Invoking 42 U.S.C. § 1983, Plaintiff initiated a complaint alleging various constitutional violations at multiple prisons. Doc. 1. United States District Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C).

Plaintiff filed an application for leave to proceed in forma pauperis, Doc. 2, and the undersigned ordered him to provide a certified copy of his institutional accounts statement for the six-month period preceding the complaint's filing. Docs. 6, 10. In the interim, Plaintiff filed an amended complaint. Doc. 15.[1] The undersigned then reviewed Plaintiff's prior lawsuits and discovered that Plaintiff has acquired more than "three strikes." So, the undersigned recommends that the court deny Plaintiff's application for leave to proceed in forma pauperis and order Plaintiff to pay the full $400 filing fee before he may proceed further with this action.

---

[1] "[An] amended complaint 'supercedes an original complaint and renders the original complaint without legal effect[.]'" *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) (citation omitted).

I.   Analysis.

   A.   The law.

The Prison Litigation Reform Act's (PLRA) "three strikes" provision was "'designed to bring [prisoner] litigation under control.'" *Childs v. Miller*, 713 F.3d 1262, 1264-65 (10th Cir. 2013) (citation omitted); *see* 28 U.S.C § 1915(g). That statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "three strikes" provision "requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals." *Childs*, 713 F.3d at 1265 (citation omitted).

   B.   Application of the law.

In 2012, "Dale Harper filed three essentially identical complaints in the Western District of Oklahoma" in "an effort to control which magistrate judge would be assigned to [his] case." *Harper v. Rudek*, 487 F. App'x 467, 467-68 (10th Cir. 2012). This Court "dismissed cases 12-0455 and 12-0456" as "malicious under 28 U.S.C. § 1915A(b)(1)" and imposed a "strike" for each

3

case. *Id.* at 468 & n.1; *see also* Case No. CIV-12-0455-HE, Doc. 5, at 1-2; CIV-12-0466-HE, Doc. 4, at 1-2. Thereafter, the Tenth Circuit found that Plaintiff's consolidated appeals were "frivolous" and "further impose[d] two strikes under 28 U.S.C. § 1915(g)[.]" *Harper*, 487 F. App'x at 468. So, Plaintiff has accumulated more than "three strikes."

As noted above, the "three strikes" rule does not apply to prisoners under "imminent danger of physical harm." 28 U.S.C. § 1915(g). However, to meet that exception, Plaintiff must make "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (quotation omitted).

In his amended complaint, Plaintiff makes allegations involving denial of access to medical care, lack of safety, and enforcement of policies through physical punishment. Doc. 15. However, those allegations are directed towards officers at Cimarron Correctional Facility (CCF), Davis Correctional Facility (DCF), and Joseph Harp Correctional Center (JHCC). *Id.* at 3-5. When he filed the amended complaint, Plaintiff was (and currently is) housed at Oklahoma State Penitentiary (OSP). Doc. 7; Doc. 15, at 20. Under these circumstances, the undersigned finds that even with a liberal interpretation, Plaintiff's civil action fails to demonstrate that when Plaintiff filed his amended complaint, any named defendant was the proximate cause of any

imminent physical danger to Plaintiff.[2] *See, e.g., Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) (finding that where the named defendant lacked "any control" over plaintiff's physical care, the inmate could not satisfy the "imminent danger" requirement to bypass the prepayment of filing fees). Thus, resolution of the present action without prepayment of fees would not alleviate any implied "imminent danger." *See, e.g., id.*; *see also Smith v. Woods*, No. 07-3057-MLB, 2009 WL 528687, at *2 (D. Kan. Mar. 2, 2009) (unpublished order) (rejecting plaintiff's allegation of imminent danger to bypass prepayment of the filling fee on grounds that the named defendant lacked any control over plaintiff's alleged danger because plaintiff was "not in the same facility as defendant") (citing *Day*, 200 F.3d at 667).

---

[2] Even if the court were to examine Plaintiff's superceded original complaint, filed while he was housed at CCF, his allegations would fail to demonstrate that he faced an *imminent* danger of serious physical harm from the CCF defendants. That is, Plaintiff complained about the lack of treatment for a hand injury in November 2013, the lack of pain medication during transport in April 2014, and the alleged past misuse of "T.B. meds." Doc. 1, at 3-5, 8-9. But to satisfy the imminent danger exception, "a prisoner must have alleged an imminent danger at the time he filed his complaint." *Hafed*, 635 F.3d at 1179. In other words, allegations of "'past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed.'" *Stine v. U.S. Fed. Bureau of Prisons*, 465 F. App'x 790, 793 (10th Cir. 2012) (citation omitted). The only apparent ongoing issue addressed in the original complaint relates to Plaintiff's desire for an "MRI" – as opposed to an "X-ray" – to diagnose his hip pain. Doc. 1, at 5, 8. The undersigned finds that Plaintiff's disagreement about the best diagnostic tool is insufficient to show that he faces an imminent danger of serious physical harm if the court does not allow him to proceed without prepayment of the filing fee.

## II. Recommendation and notice of right to object.

For the above stated reasons, the undersigned finds that Plaintiff has previously acquired more than "three strikes" and has failed to show he faced any imminent physical danger when he filed his amended complaint. The court should deny Plaintiff's application for leave to proceed in forma pauperis, Doc. 2, and order him to pay the full $400 filing fee within twenty days from the date of any order adopting this report and recommendation. The undersigned also cautions Plaintiff that failure to make the payment will result in dismissal without prejudice of the entire action. Adoption of this recommendation will moot the undersigned's order for Plaintiff to cure his application's deficiency. Doc. 6.

The undersigned advises Plaintiff of his right to file an objection to this report and recommendation with the Clerk of this Court by August 20, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The undersigned further advises Plaintiff that failure to timely object to this report and recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation does not terminate the referral.

ENTERED this 31st day of July, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE