IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DALE HARPER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ODOC DIRECTOR, ROBERT )<br>PATTON; ODOC DIRECTOR )<br>DESIGNEE, MARK KNUTSON; )<br>LCF WARDEN; LCF WARDEN )<br>DESIGNEE; LCF SGT. )<br>BEARDEN; CCF C/O )<br>SPEARMAN; CCF WARDEN, )<br>CHAD MILLER; CCF WARDEN )<br>DESIGNEE, ALLISON KUSCH; )<br>CCF UNIT MANAGER )<br>CHOATE; CCF UNIT )<br>MANAGER MUNDAY; CCF )<br>SGT. AMON; CCF CHIEF OF )<br>SECURITY, DON STEER; )<br>DCF CHIEF OF SECURITY; )<br>ODOC SOUTHWEST DISTRICT )<br>SUPERVISOR; LCF LT. )<br>DEBORAH JOHNS; JHCC )<br>HEALTH SERV. ADMINS., )<br>BUDDY HORNMAKER; )<br>CCF UNKNOWN NURSE; )<br>CCF HEALTH SERV. )<br>PROVIDER, DR. PAYNE; CCF )<br>HEALTH SERV. ADMINS., )<br>TERESA SELLERS; ODOC )<br>HEALTH SERV. ADMINS., )<br>GENESE McCOY; CCF NURSE )<br>COFFMAN; CCF CAPTAIN )<br>NELSON; ODOC POPULATION )<br>CONTROL OFFICER, LISA )<br>MISER; CCF MAILROOM )<br>SUPERVISOR, L. JESTER; )| Case No. CIV-14-563-HE |

| | |
|---|---|
| CCF RECORDS KEEPER, | ) |
| KARI SELCER; and OSP | ) |
| RECORDS KEEPER, JODI | ) |
| CARDENAS, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Invoking 42 U.S.C. § 1983, Plaintiff filed an amended complaint alleging various constitutional violations at multiple prisons. Doc. 15. United States District Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C). Thereafter, on the undersigned's recommendation, the court denied Plaintiff's application for leave to proceed in forma pauperis and ordered Plaintiff to pay the full $400.00 filing fee before he may proceed further with the action. Docs. 16, 19. Now, Plaintiff seeks a writ of mandamus forcing various prison officials to process his financial request so that he may pay the filing fee. Doc. 20. The undersigned recommends that the court deny the writ of mandamus.

**I.  Analysis.**

Title 28 U.S.C. § 1361 provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Id.* Thus, § 1361 provides "[n]o relief against state officials

or state agencies[.]" *Amisub (PSL), Inc. v. State of Colo. Dep't of Soc. Servs.*, 879 F.2d 789, 790 (10th Cir. 1989). So, this Court would lack jurisdiction over a mandamus action directed to state prison officials. *See id.*; *see also Rivers v. King*, 23 F. App'x 905, 908 n.4 (10th Cir. 2001) ("To the extent [plaintiff's] request for mandamus is directed against state officials, this court has no jurisdiction to mandamus state officials because the statutory power to grant such writs [in § 1361] is provided only against federal officials.").

## II. Recommendation and notice of right to object.

For the above stated reasons, the undersigned finds that the court should deny Plaintiff's writ of mandamus, Doc. 20, as the court lacks the authority to grant such relief against state prison officials. The undersigned would recommend that Plaintiff present prison officials with the court's order for him to pay the full $400.00 filing fee, Doc. 19, and should carefully review prison regulations so that he may properly seek payment of that fee.

The undersigned advises Plaintiff of his right to file an objection to this report and recommendation with the Clerk of this Court by October 1, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to timely object to this report and recommendation waives the right to appellate review of both

factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation does not terminate the referral.

ENTERED this 11th day of September, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE