IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DALE HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-14-0563-HE |
| | ) | |
| OKLAHOMA DEPARTMENT OF CORRECTIONS DIRECTOR, ROBERT PATTON, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

By order entered August 27, 2014, the court denied plaintiff's motion to proceed *in forma pauperis*, directing him to pay the full $400 filing fee by October 13, 2014, or the case would be dismissed [Doc. #19]. Thereafter, on September 5, 2014, plaintiff filed a motion for mandamus, seeking an order directing various prison officials to disburse funds from his prison account [Doc. #20]. Magistrate Judge Mitchell has since recommended that the motion for mandamus be denied, on the basis that a federal court lacks jurisdiction to issue a writ of mandamus to state officials in these circumstances. Report and Recommendation [Doc. #22]. Plaintiff has since filed a motion to reconsider the denial of *IFP* status [Doc. #24] and a motion for extension of time to respond to the recommendation for denial of the mandamus motion [Doc. #25].

The motion for reconsider of the denial of *IFP* status [Doc. #24] is **DENIED**. Defendant does not challenge the determination that he has three or more "strikes" nor has he made "specific and credible" allegations of "imminent danger of serious physical harm"

such as would be a basis for proceeding without payment of the full fee. *See* <u>Kinnell v. Graves</u>, 265 F.3d 1125, 1127-28 (10th Cir. 2001), citing <u>White v. Colorado</u>, 157 F.3d 1226, 1232 (10th Cir. 1998).[1] However, in light of the apparent confusion as to payment of the $400 filing fee, the court will extend the deadline for payment of the full filing fee to **<u>Monday, October 20, 2014</u>**.

The motion for extension of time to respond to the Report and Recommendation recommending denial of the mandamus motion [Doc. #25] is also **DENIED**. Judge Mitchell's recommendation was based on clearly established law. As the Tenth Circuit Court of Appeals recently observed, in a similar circumstance, "the district judges have repeatedly explained, and we have confirmed, that the district courts lack power to issue a writ of mandamus to state officials ...." <u>Adkins v. Kansas Comm'n on Judicial Qualifications</u>, 510 Fed. Appx. 700, (10th Cir. 2013). It would be futile for plaintiff to expend further time in trying to argue with that clearly established proposition.

For the same reason, and as more fully stated by Judge Mitchell, the Report and Recommendation [Doc. #22] is adopted on the merits. Plaintiff's motion for writ of mandamus [Doc. #20] is **DENIED**.

Plaintiff would do well to heed Judge Mitchell's suggestion in her September 11 report: plaintiff should carefully review prison regulations to assure that he submits the

---

[1]*Against the backdrop of plaintiff's multiple filings in this and other cases, the court does not find it credible that plaintiff simply forgot to include the information about the supposed threats on his life in his earlier response. Indeed, his response to the Report and Recommendation denying IFP status, which specifically discussed the "imminent danger" exception, stated that his <u>only</u> objection to the R&R was the time frame ordered [Doc. #18].*

proper documents to seek payment of the filing fee and should present a copy of Judge Mitchell's order (and this order) to the appropriate prison officials.

**IT IS SO ORDERED**.

Dated this 2nd day of October, 2014.

JOE HEATON
UNITED STATES DISTRICT JUDGE