## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DALE HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-563-HE |
| | ) | |
| ODOC DIRECTOR, ROBERT PATTON; ODOC DIRECTOR DESIGNEE, MARK KNUTSON; LCF WARDEN; LCF WARDEN DESIGNEE; LCF SGT. BEARDEN; CCF C/O SPEARMAN; CCF WARDEN, CHAD MILLER; CCF WARDEN DESIGNEE, ALLISON KUSCH; CCF UNIT MANAGER CHOATE; CCF UNIT MANAGER MUNDAY; CCF SGT. AMON; CCF CHIEF OF SECURITY, DON STEER; DCF CHIEF OF SECURITY; ODOC SOUTHWEST DISTRICT SUPERVISOR; LCF LT. DEBORAH JOHNS; JHCC HEALTH SERV. ADMINS., BUDDY HORNMAKER; CCF UNKNOWN NURSE; CCF HEALTH SERV. PROVIDER, DR. PAYNE; CCF HEALTH SERV. ADMINS., TERESA SELLERS; ODOC HEALTH SERV. ADMINS., GENESE McCOY; CCF NURSE COFFMAN; CCF CAPTAIN NELSON; ODOC POPULATION CONTROL OFFICER, LISA MISER; CCF MAILROOM SUPERVISOR, L. JESTER; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

| | |
|---|---|
| CCF RECORDS KEEPER, | ) |
| KARI SELCER; and OSP | ) |
| RECORDS KEEPER, JODI | ) |
| CARDENAS, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Invoking 42 U.S.C. § 1983, Plaintiff filed an amended complaint alleging various constitutional violations at multiple prisons. Doc. 15. United States District Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C). Eventually, the undersigned ordered Plaintiff to file a "new, entirely complete second amended complaint, including **all** the allegations that he wishes to raise." Doc. 29. Responding to Plaintiff's motion for an extension of time, Doc. 32, the undersigned granted Plaintiff an additional thirty days, or until November 26, 2014, to file the second amended complaint. Doc. 33.

In his motion for extension of time, Plaintiff also complains about the conditions in his cell at the Oklahoma State Penitentiary (OSP) and the delay in receiving requested legal materials from the OSP library. Doc. 32. Plaintiff asks the court to order OSP Warden Anita Trammel to "cure" the deficiencies. *Id.* The undersigned liberally construes this request as a

motion for a preliminary injunction, and recommends that the court deny it on three grounds.

## II. Analysis.

Plaintiff's motion for a preliminary injunction fails for three reasons. First, Plaintiff has never named OSP Warden Anita Trammel as a defendant, Docs. 1, 9, 11, 15, and thus seeks to have the court bind a non-party. An injunction is only binding upon "the parties" to the action, "the parties' officers, agents, servants, employees, and attorneys[,]" or "persons who are in active concert or participation with" the parties. Fed. R. Civ. P. 65(d). The rule entails proof of "'alter ego, collusion, or identity of interest.'" *Reliance Ins. Co. v. Mast Constr. Co.*, 84 F.3d 372, 377 (10th Cir. 1996). Plaintiff has not alleged that the Defendants named in his amended complaint are in active concert or participation with Warden Trammel.

Second, even if the court could bind the OSP Warden, Plaintiff has asked for relief that is wholly unrelated to the claims in the amended complaint. That is, Plaintiff's conditions of confinement at OSP have never been at issue. A preliminary injunction grants intermediate relief of the same character as that which may be finally granted. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). Thus, "the movant must establish 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" *Little v. Jones*, 607 F.3d 1245, 1251

(10th Cir. 2010) (citation omitted). If he fails to do so, the court is powerless to enter a preliminary injunction. *See Colum v. Winchester*, No. CIV-12-561-HE, 2012 WL 3594804, at *1 (W.D. Okla. June 21, 2012) ("When the movant seeks intermediate relief beyond the claims in the complaint, the court has no authority to enter a preliminary injunction.") (unpublished recommendation), *adopted*, 2012 WL 3594778 (W.D. Okla. Aug. 21, 2012) (unpublished order).

Third and finally, the court is empowered to "issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). The court is still awaiting Plaintiff's second amended complaint, and thus far, the undersigned has not ordered service of any complaint. To that end, no Defendant has entered an appearance. In making his request for an order to "cure" the deficiencies, Plaintiff has failed to describe any efforts he has made to provide notice. Doc. 32. This omission also prevents the entry of a preliminary injunction.

## II. Recommendation and notice of right to object.

For the above stated reasons, the undersigned finds that the court should deny Plaintiff's construed motion for preliminary injunction. Doc. 32.

The undersigned advises Plaintiff of his right to file an objection to this report and recommendation with the Clerk of this Court by November 17, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to timely object to this

4

report and recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation does not terminate the referral.

ENTERED this 28th day of October, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE