IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DALE E. HARPER,                )
                               )
    Plaintiff,                 )
                               )
v.                             )    Case No. CIV-14-563-HE
                               )
SERGEANT BEARDEN,              )
Disciplinary Hearing Officer, et al., )
                               )
    Defendants.                )

**REPORT AND RECOMMENDATION**

Plaintiff Dale E. Harper ("Plaintiff"), a former state prisoner appearing pro se, brings this federal civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights occurred while he was incarcerated at the Lawton Correctional Facility (LCF) in Lawton, Oklahoma. United States District Judge Joe Heaton referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). For the reasons set forth herein, the undersigned recommends the Court dismiss the instant action without prejudice for failure to prosecute.

I.  Background

On June 2, 2014, Plaintiff filed both his initial pleading [Doc. No. 1] and a Motion for Leave to Proceed In Forma Pauperis ("IFP") [Doc. No. 2]. Plaintiff filed his first Amended Complaint July 28, 2014 [Doc. No. 15]. In an Order dated August 27, 2014 [Doc. No. 19], the Court adopted the Report and Recommendation of Magistrate Judge Suzanne Mitchell [Doc. No. 16], to whom this case was then referred, denying Plaintiff's IFP [Doc. No. 2] because he has had three or more prior lawsuits dismissed as frivolous or malicious and more than "three strikes" imposed against him, and failed to allege he faced "imminent danger of serious physical

injury." *See* 28 U.S.C. § 1915(g). Plaintiff remitted the full filing fee on October 9, 2014 [Doc. No. 28]. He filed a second Amended Complaint on November 5, 2014 [Doc. No. 37].

On November 10, 2014, Magistrate Judge Mitchell issued an Order Requiring Service and Special Report [Doc. No. 40], directing Plaintiff to:

> [S]erve this order, the second amended complaint, and a summons on each Defendant in accordance with Fed. R. Civ. P. 4. Plaintiff must complete the necessary service papers within twenty (20) days from this order's date, and furnish those papers to the Clerk for processing and issuance. Plaintiff must serve Defendants within 120 days from this order's date, and unless service is waived, Plaintiff must make proof of service on or before the expiration of that 120-day-time-period. *See* Fed. R. Civ. P. 4(l), (m). Plaintiff's failure to timely file proof of service could result in the court dismissing the action.

[Doc. No. 40, p. 3, ¶9]. Plaintiff promptly requested twenty-six summonses, which the Court issued electronically on December 4, 2014 [Doc. No. 44] and mailed to Plaintiff the following day. The prescribed 120-day deadline for service fell on March 10, 2015.

On February 13, 2015, Plaintiff filed his first Motion for Extension of Time [Doc. No. 52], seeking an additional sixty days in which to serve Defendants Sergeant Bearden, Oklahoma Department of Corrections ("ODOC"), Deborah Johns, Spearman, Choate, Amon, Munday, Chad Miller, Allison Kusch, Payne, Teresa Sellers, Genese McCoy, Unknown (a nurse at Cimarron Correctional Facility), Robert Patton, Mark Korutson, Lieutenant Johns, Don Steer, Buddy Honnafer, Coffman, Lisa Miser, L. Jester, Kari Selcer, Jodi Cordenas, Davis Correctional Facility, and Erik Thomas (collectively, "Defendants"). In it, Plaintiff stated that in preparation for service on the twenty-six Defendants he had sent his original copies of the Second Amended Complaint [Doc. No. 37] and the Court's Order [Doc. No. 40] to the prison law library for photocopying but had yet to receive either the requested copies or the originals. Plaintiff further stated he had initiated a Request to Staff ("RTS") followed by a grievance seeking to address the law library's failure to carry out his copy requests. Plaintiff provided no documentation in

support of these claims. Without addressing Plaintiff's stated reasons for the delay, Judge Mitchell granted the sixty-day extension [Doc. No. 53], thus advancing the service deadline to May 9, 2015.

On May 11, 2015, Plaintiff filed a second Motion for Extension of Time [Doc. No. 62], seeking an additional ninety days in which to perfect service on Defendants. This time, Plaintiff claimed the A-Unit Manager had confiscated his final working copy of the Second Amended Complaint [Doc. No. 37] rather than mail it as directed, and that he therefore was unable to effect service on Defendants. Once again, Plaintiff failed to provide documentary support for this allegation. Expressing no opinion on the validity of Plaintiff's claim, Judge Mitchell granted the ninety-day extension [Doc. No. 64], which advanced the service deadline to August 11, 2015.

Plaintiff filed a third Motion for Extension of Time [Doc. No. 70] on August 4, 2015, seeking an additional sixty days in which to perfect service on Defendants. In an Order dated September 17, 2015 [Doc. No. 71], the undersigned, to whom this matter was referred on August 5, 2015, granted Plaintiff an additional forty-five days, or until November 1, 2015, in which to serve process on Defendants but warned Plaintiff that, without more, his "continued reliance on his earlier, unsubstantiated claims of photocopy failures and misdirected mail . . . is insufficient to show good cause mandating an extension of time in which to complete service." *See* Doc. 71 at p. 5.

It is now November 16, 2015, two weeks past the deadline established by the third extension of time, and more than one year since Magistrate Judge Mitchell issued her Order Requiring Service and Special Report [Doc. No. 40]. Plaintiff has yet to serve a single Defendant in the case.

II.  Plaintiff's Failure to Prosecute

    A.  *Plaintiff Has Not Shown Good Cause in Support of a Mandatory Extension of Time*

Although appearing pro se, Plaintiff is responsible for having each Defendant served with a summons and the complaint. *See* Fed. R. Civ. P. 4(c)(1); *see also DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) (stating that even though plaintiff was pro se, he was "obligated to follow the requirements of Fed. R. Civ. P. 4" (citation omitted)). The time limit for service is governed by Fed. R. Civ. P. 4(m), which provides in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The preliminary inquiry under Rule 4(m) is to determine whether a plaintiff has shown good cause for his failure to timely effect service. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). "'If good cause [for lack of service] is shown, the plaintiff is entitled to a mandatory extension of time.'" *Sanders v. Sw. Bell Tel., L.P.*, 544 F.3d 1101, 1111 (10th Cir. 2008) (*quoting Espinoza*, 52 F.3d at 841). "The plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule," however. *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) (*citing Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994)).

In his third Motion for Extension of Time [Doc. No. 70], Plaintiff failed to identify any new reasons for the delay of service. Rather, he merely reiterated his earlier, unsubstantiated claims that the first copy of his second Amended Complaint [Doc. No. 37] disappeared after he requested photocopies from the law library (which copies he never received) and his most recent copy was either confiscated by the A-Unit Manager when Plaintiff attempted to mail it or

4

vanished somewhere along the way. [Doc. No. 70]. Similar facts were present in *Farris v. Frazier*, 2014 WL 3749142 (W.D. Okla. July 29, 2014), where the plaintiff claimed his failure, over one year after filing his amended complaint, to serve process on a particular defendant was due to the fact that the mailroom at LCF "'has lost, withheld and/or prolonged plaintiff['s] and other inmates['] legal mail causing delays which resulted in injuries for some.'" *Id.*, at *16 (quoting the plaintiff's response to the Court's show cause order).

Unlike Plaintiff in the case at bar, the *Farris* plaintiff "attached documentation in which LCF officials confirmed that there had been some delay and mishandling of legal mail and that there had been an item of certified mail sent to [the defendant]" within the allotted time for service or process. *Id.* Although the *Farris* Court found it "clear from Plaintiff's filing that the LCF mailroom has been responsible for at least some amount of delay and, possibly, a misplaced delivery receipt for [defendant's] summons and documents," it nevertheless held plaintiff's response to the show cause order "does not show adequate cause for this delay" because "despite notice of the need to do so, neither Plaintiff's response nor the record reflects any further attempt by Plaintiff to have service effected upon [defendant]." *Id.*, at *17. Thus, the *Farris* Court held the plaintiff's evidence was insufficient to show good cause within the meaning of Rule 4(m) for the failure of service and the Court denied his request for a mandatory extension of time. *Id*.

As was the case in *Farris*, the record in the instant matter reflects no further attempt by Plaintiff Harper to effect service upon Defendants. *Id.* Indeed, Plaintiff in the instant action has failed to show he has made *any* additional effort to comply with Rule 4(m), let alone the sort of "meticulous efforts" required of litigants who seek to rely on its good-cause provision. *See In re Kirkland*, 86 F.3d at 176 (10th Cir. 1996) (*citing Despain*, 13 F.3d at 1438). A mandatory extension of time is thus unwarranted.

5

B.  *A Permissive Extension of Time Is Likewise Unwarranted*

The determination that Plaintiff has failed to demonstrate good cause in support of a mandatory extension of time does not end the Court's inquiry, however. "If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Espinoza*, 52 F.3d at 841. The Tenth Circuit Court of Appeals has noted that permissive extensions of time may be warranted "if the applicable statute of limitations would bar the refiled action," or where "policy considerations might weigh in favor of granting a permissive extension of time . . . ." *Id.* at 842 (quotation and citation omitted). Where pro se litigants are concerned, "[t]he district court should also take care to protect pro se plaintiffs from consequences of confusion or delay attending the resolution of an in forma pauperis petition." *Id.* at 842 n. 8 (quotation omitted). Once it has engaged in the "permissive extension of time" analysis, "the district court may in its discretion either dismiss the case without prejudice or extend the time for service." *Id.* at 841.

After determining the *Farris* plaintiff did not show the requisite good cause for a mandatory extension of time, the *Farris* Court proceeded to the second step of the 4(m) analysis and found "no policy considerations meriting additional time for service, and no prejudice to Plaintiff in the denial of such time." *Farris*, 2014 WL 3749142, *17. It further determined there existed no apparent confusion or delay that would justify a permissive extension of time because there, as here, "the plaintiff's amended complaint was filed *after* Plaintiff was denied leave to proceed in forma pauperis." *Id.* (emphasis in original). In any event, the *Farris* Court concluded, even if the plaintiff were to perfect service on the as-yet unserved defendant, that defendant, just like the served defendants, would be entitled to summary judgment in the action based on plaintiff's failure to exhaust administrative remedies. *Id.*

In the case at bar, a two-year statute of limitations governs Plaintiff's § 1983 claims. *See Meade v. Grubbs*, 841 F.2d 1512, 1524 (10th Cir. 1988). The allegations in his Second Amended Complaint [Doc. No. 37] are based on a series of alleged actions and inactions by Defendants, the earliest of which occurred November 3, 2013 [Doc. No. 37 at p. 7]. While the fact that the two-year deadline for this claim expired two weeks ago would appear not to afford Plaintiff sufficient time in which to refile on that particular issue, Oklahoma's savings statute would provide Plaintiff with an additional year in which to bring such an action if the Court were to dismiss Plaintiff's claims pursuant to Rule 4(m). *See* OKLA. STAT. tit. 12 § 100; *see also Grider v. USX Corp.*, 847 P.2d 779, 783 (Okla. 1993) (noting that OKLA. STAT. tit. 12 § 100 "applies to extend the limitations period regardless whether the dismissed suit was filed in state court or federal court sitting within the state of Oklahoma"); *Williams v. City of Guthrie*, No. 03-6212, 109 Fed. App'x 283, 286 (10th Cir. Sept. 8, 2004) (applying Oklahoma Savings statute to § 1983 claim filed in federal court).

Section 100 of Oklahoma's Title 12 has been termed a savings statute because it permits the filing of an action after the statute of limitations has run. *See Ross v. Kelsey Hayes, Inc.*, 825 P.2d 1273, 1277 (Okla. 1991). It provides:

> If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff . . . may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

OKLA. STAT. tit. 12 § 100. Dismissal of a cause of action for failure of service is dismissal for failure "otherwise than on the merits" within the meaning of § 100. *Ross*, 825 P.2d at 1277. Therefore, this factor counsels towards dismissal. Furthermore, it is highly doubtful any policy consideration would warrant granting Plaintiff an extension of time to serve Defendants.

7

In light of the foregoing, the undersigned recommends that all of Plaintiff's claims be dismissed without prejudice pursuant to Rule 4(m) based upon Plaintiff's failure to timely serve Defendants. *See Krueger v. Doe*, No. 98-6144, 1998 WL 717286 (10th Cir. October 14, 1998) (upholding dismissal of pro se prisoner's complaint for failure to effect service on a defendant even though the statute of limitations had likely expired, and despite the fact that the plaintiff had made substantial effort to locate the defendant).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends the Court sua sponte dismiss the instant action without prejudice for failure to prosecute. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007) (holding where the dismissal is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures.").

## NOTICE OF RIGHT TO OBJECT

The undersigned advises Plaintiff he has the right to file an objection to this Report and Recommendation with the Clerk of this Court by December 8th, 2015, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), and that failure to make a timely objection would waive the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (holding "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral in the present case.

ENTERED this 17th day of November, 2015.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE